92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynn W. PRITCHETT, husband, Plaintiff-Appellant,
v.
John R. RUSSELL, a single person; Jackie F. Huerta, a
single person; Geraldine Delaney, a single person; Yavapai
County, Arizona, a body politic and political subdivision of
the State of Arizona, Defendants-Appellees.
 No. 95-15456.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lynn Pritchett appeals pro se the district court's summary judgment in favor of Deputy Sheriff John Russell in Pritchett's 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when he was arrested for burglary, theft, and trafficking in stolen property on the basis of a warrant unsupported by probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291[1] and we vacate and remand.
 
 
 3
 We review de novo a district court's grant of summary judgment on the basis of qualified immunity. Mackinney v. Nielsen, 69 F.3d 1002, 1004-05 (9th Cir.1995). Summary judgment should be granted if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there are no genuine issues of material fact, and the district court correctly applied the law. Id.
 
 
 4
 The record indicates that on April 26, 1993, defendant Huerta reported that her television and VCR had been stolen. On May 6, 1993, Deputy Sheriff Russell responded to a call from Huerta who claimed to have located her stolen goods at an RV dealership. When the RV manager described the man who sold him the items, Huerta stated that the man sounded like her former husband Lynn Pritchett. Huerta then produced a photograph she identified as Pritchett, and the manager confirmed that the man in the photograph sold him the goods. The photograph was then presented to the service manager Mark Cox. Cox told Russell that the man in the photograph was not Pritchett, but that Pritchett sold the stolen items to the RV center.
 
 
 5
 Russell presented this information to a deputy county attorney who advised that probable cause existed for Pritchett's arrest. Russell then submitted a complaint to a magistrate who issued an arrest warrant for Pritchett. Pritchett was arrested on July 2, 1993, and indicted six days later. Charges against Pritchett were dismissed without prejudice on September 1, 1993.
 
 
 6
 Pritchett contends that the district court erred by granting summary judgment for Russell on the basis of qualified immunity. Specifically, Pritchett contends that Russell's application for an arrest warrant was lacking in probable cause and objectively unreasonable.
 
 
 7
 In an action for unlawful arrest pursuant to a facially valid warrant, a police officer will be granted qualified immunity unless "no officer of reasonable competence would have requested the warrant." Malley v. Briggs, 475 U.S. 335, 345-46 (1986); accord Mills v. Graves, 930 F.2d 729, 731 (9th Cir.1991) (noting that "immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable.").
 
 
 8
 Here, Russell's application for an arrest warrant was not lacking in indicia of probable cause. See Mills, 930 F.2d at 731. Russell had statements from two eye-witnesses identifying Pritchett as the person who sold the stolen items to the RV center. Moreover, a county attorney confirmed that probable cause existed for Pritchett's arrest. See Arsberg v. United States, 757 F.2d 971, 982 (9th Cir.1985) (noting that reliance on advice of counsel may warrant qualified immunity), cert. denied, 475 U.S. 1010 (1986). Accordingly, Russell is entitled to qualified immunity. See Mackinney, 69 F.3d at 1004-05.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court certified this appeal under Fed.R.Civ.P. 54(b)
 
 
 [2]
 We grant Pritchett's motion for leave to file an addendum. We deny Russell's motion to strike the addendum, and Pritchett's motion to strike Russell's supplemental excerpts of record and portions of the answering brief